In re LAKE RIDGE ASSOCIATES, Debtor.

NATIONSBANK OF VIRGINIA, N.A.

v.

LAKE RIDGE ASSOCIATES.

Bankruptcy No. 93–23899–B.
CM No. 93–1985–B.

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Jan. 28, 1994.

## OPINION [1]

HAL J. BONNEY, Jr., Bankruptcy Judge.

We have a coonskin cap, but can we pioneer?

Can the Court do the extraordinary or are we limited to convention?  The intent of the

1. Due to the importance and urgency of this case, this brief opinion will suffice in setting forth the Court's conclusions.  The prevailing party will submit a proposed order.

Congress under Chapter 11 of the Bankruptcy Code is to encourage reorganizations to save businesses, but does the proposal by the debtor, Lake Ridge Associates, go beyond this?

Really, the facts in this proceeding are not in dispute. It is the application of the law that provides the rub. NationsBank loaned Lake Ridge Partnership the basic funding to purchase the nearly 1,200 acres of undeveloped, but promising land and is in for about $35 million. Two basic facts have led NationsBank to file a motion to modify the automatic stay (injunction) which prevents a creditor from pursuing its contractual rights of foreclosure without the Bankruptcy Court's authority:

1—NationsBank has not seen the eagle fly its way in 3 years.

2—Admittedly, the debt exceeds the value of the property, i.e., there is no equity for the debtor.

The law says in 11 U.S.C. § 362(d):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■ First, is there *cause* to lift the stay? The bank argues, in chief, that (a) there has been no debt service for three years, (2) environmental problems have not been resolved, and (3) a tax payment due under a consensual arrangement was a few days late.

■ This is not sufficient cause. For such a large debt on such a large piece of dirt in these largely slow times, great caution should be exercised by a court in deciding there is no hope. A lender assumes certain risks and among these is an orderly bankruptcy process that weighs all.

There are apparently no major environmental problems with Lake Ridge. While certain Phase 3 work should have been promptly initiated, this by itself, or coupled with other factors, is not cause to kill a reorganization. The bank is crying wolf. We live in times where the spill of 5 gallons of kerosene outside the house twenty years ago clouds the entire future of the property. Save the environment, yes! But it has some petty features which have unnecessarily impeded the survival of particularly small businesses.

Well, the taxes were paid a few days late. As they say, "big deal." If Chapter 11 entities did not have problems, they would not be here.

NationsBank may not prevail under 11 U.S.C. § 362(d)(1).

■ Under § 362(d)(2), the debtor must have no equity in the property *and* the property not be necessary to an effective reorganization. No one argues that there is equity. There is a hearing on January 31 to set the value of the property for other purposes pursuant to § 506.

Is the property necessary for an effective reorganization of Lake Ridge? Indeed, is any reorganization possible?

■ Some courts hold that no Chapter 11 case may exist where the debtor has but a single asset. This is a narrow, myopic view. There are endless entities possessing but a single asset and application of this rule would deny them the opportunity to reorganize. For instance, the entity that owns the Empire State Building is different from the entity which owns the land under it. If, if, either entity owned nothing else, too bad!

■ Nevertheless, and on the other hand, a carte blanche highway for a single asset case may not be paved. This court would hold that there can be no place in bankruptcy for a debtor with

1. a single asset, particularly raw land;

2. no equity in the property;

3. there is a plan of liquidation rather than of reorganization; and

4. there is no on going business.

Lake Ridge argues, and it is difficult to deny the approach given the history of the patient, that its plan is one of reorganization. Its plan is quite general, too general, but it proposes (1) to have the asset evaluated by the Court, and (2) to have the partners, individually, pay the deficiency as they may be obligated under their personal agreements.

This could possibly pay NationsBank 100% of the indebtedness. Isn't this, then, more than a liquidating plan? Well, it is a strong although a pioneering argument. We say "pioneering" for it is not the prevailing rule of law. A court would have to make "new law" and we are not afraid to do that; however, it would extend the intent of Chapter 11 cases to a point not intended.

On one hand, we have the ominous threat of the bank foreclosing and bidding the property in at a low figure. The bank itself has suggested $9 million. The deficiency would be enormous. Yet this is the right the bank has, the right Lake Ridge gave in the contract. The debtor's plan seeks to alter this contract and could if this were a plan of reorganization. Unhappily, it is an understandable attempt to soften the blow of foreclosure.

Actually, all the debtor proposes in its plan is to bow out as advantageously as possible. This is not permitted.

Modification of the stay to permit Nations-Bank to pursue its remedies under its secured agreement(s) is proper.

### Observations

Not that the Court has a monopoly on wisdom, but that something additional needs to be said leads to these observations. We made some for the bank in the opinion denying its motion to dismiss the case.

We deal with a unique, valuable tract of land, one of the few remaining in the City of Virginia Beach. It was no little thing to gather 1,200 acres into a bundle. It was an ambitious undertaking on both parts, Lake Ridge and NationsBank. In hindsight, too

much was paid for it, too much was loaned on it. Both parties engaged in "asset planning," less in the realities of developing the property. The task of developing the property would be, will be, enormous. It was a brave, commendable undertaking by some worthy people, but it was quite a wad to chew.

Could anything have been done to create a plan which might have been workable? Probably. This would have required several millions of dollars up front. Capital. More investors. Those able and willing to wait the term.

As with any case, we would have liked to help, but we are, properly, bound by the law.